Battle, J.
 

 We cannot affirm the judgment in this case, without violating those salutary principles, which the later decisions of this Court have established upon this subject. In
 
 Peebles
 
 v.
 
 Mason, 2
 
 Dev. Rep. 367, it is said by the Court, that, to take a case out of the operation of the statute of limitations, “ the promise or
 
 *311
 
 acknowledgment must be an express promise to pay a particular sum either absolutely or conditionally; or such an admission of facts, as clearly shows, out of the party’s own mouth, that a certain balance is due, from which the law can imply an obligation and promise to pay; or that the parties are yet to account, and are willing to account and pay the balance then ascertained.” The principles thus clearly and explicitly stated have been rc-asserted and sustained by the subsequent cases of
 
 Smallwood
 
 v.
 
 Smallwood, 2
 
 Dev. and Bat. 330,
 
 Rainey
 
 v.
 
 Link,
 
 3 Ired. Rep. 376, and perhaps by others. In the case now before us, the testimony does not show that the testator acknowledged that any particular sum was due the plaintiff; much less that he promised to pay it. It contains no admissions of facts, so as to show out of the testator’s own mouth, that a certain balance was due ; and there is not the slightest intimation that there was an account between the parties, which the testator was willing to settle, and to pay the balance. His declarations to every witness, were vague and indefinite ; and some of them are of such a character as to leave us somewhat in doubt, whether he considered the plaintiff as having claims upon his bounty or his justice. To permit such expressions to repel the bar of the statute, would be to let in all the evils against which it was intended to provide. The cases cited by the plaintiff’s counsel are decisions of our sister States, and however high may be the respect, which we entertain for the Courts, which made them, we cannot permit them to over-rule, or even to modify, those of our own Court. The judgment must therefore be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo.